1  Frank L. Tobin (Bar No. 166344)
   flt@procopio.com
2  PROCOPIO, CORY, HARGREAVES &
      SAVITCH LLP
3  530 B Street, Suite 2100
   San Diego, California  92101
4  Telephone: 619.238.1900
   Facsimile: 619.235.0398
5
   Attorney for Defendant,
6  PENTA WATER COMPANY, INC., a California
   corporation
7

8  **UNITED STATES DISTRICT COURT**

9  **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10  PLAINFIELD DIRECT INC., a Delaware corporation, and CUNEO CAPITAL PARTNERS I LLC, a Connecticut limited liability company, | Case No.: 08-CV-1350-LAB (NLS) |
| 11 | ANSWER OF PENTA WATER COMPANY, INC. TO COMPLAINT FOR BREACH OF CONTRACT, OPEN BOOK ACCOUNT, ACCOUNT STATED, AND MONEY LENT OR PAID |
| 12              Plaintiffs, | |
| 13  v. | |
| 14  PENTA WATER COMPANY, INC., a California corporation, | Judge:  Hon. Larry A. Burns |
| 15              Defendant. | Complaint Filed:    July 25, 2008 |
| 16 | |

17

18      Defendant PENTA WATER COMPANY, INC. ("Defendant") answers the Complaint of

19 PLAINFIELD DIRECT INC. and CUNEO CAPITAL PARTNERS I LLC ("Plaintiffs") and

20 states:

21      1.   Defendant is without knowledge or information sufficient to form a belief as to the

22 allegations in Paragraph 1 of the Complaint, and therefore denies same.

23      2.   Defendant is without knowledge or information sufficient to form a belief as to the

24 allegations in Paragraph 2 of the Complaint, and therefore denies same.

25      3.   Defendant is without knowledge or information sufficient to form a belief as to the

26 allegations in Paragraph 3 of the Complaint, and therefore denies same.

27      4.   Defendant denies that there is any obligation to the Plaintiffs that would give rise

28 to a lawsuit and admits the remaining allegations in Paragraph 4 of the Complaint.

1  5. Paragraph 5 of the Complaint includes pleading matters that do not require a response and, as plead, Defendant has otherwise insufficient information or belief as to whether to admit or deny the remaining allegations in Paragraph 5 of the Complaint and on that basis, denies same.

6. With regard to Paragraph 6 of the Complaint, Defendant admits that its principal place of business is in San Diego County and that Defendant made the contract at issue in this lawsuit in San Diego County, and that the contract was to be performed in San Diego County. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 6 of the Complaint and therefore denies same.

7. Defendant admits the allegations in Paragraph 7 of the Complaint.

8. Defendant admits the allegations of Paragraph 8 of the Complaint.

9. With regard to Paragraph 9 of the Complaint, Defendant admits that Section 7.6 of the Agreement speaks for itself. Defendant denies the remaining allegations in Paragraph 9 of the Complaint to the extent they are intended to be inconsistent with the express language of Section 7.6 of the Agreement.

10. Defendant admits the allegations in Paragraph 10 of the Complaint.

11. Defendant admits the allegations in Paragraph 11 of the Complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 12 of the Complaint and therefore denies same.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. With regard to Paragraph 14 of the Complaint, Defendant admits that its CEO resigned in March, 2008 and that its CFO resigned in April, 2008. Defendant denies the remaining allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. With regard to Paragraph 16 of the Complaint, Defendant admits that Section 13 of the Agreement speaks for itself. Defendant denies the allegations in Paragraph 16 to the extent they are intended to be inconsistent with the express language of Section 13 of the Agreement.

17. With regard to Paragraph 17 of the Complaint, Defendant admits that Section 7.8 of the Agreement speaks for itself. Defendant denies the remaining allegations in Paragraph 17 of the Complaint to the extent that they are intended to be inconsistent with Section 7.8 of the Agreement.

18. Defendant admits that on or about May 28, 2008, Plainfield provided written notice to Defendant that Plainfield asserted that Defendant had allegedly failed to comply with the terms of the Agreement and that the alleged failure to comply allegedly constituted events of default and that Plainfield requested that Penta Water Company, Inc. to immediately repay to Plainfield Direct, Inc. and Cuneo Capital Partners I LLC the loaned amount of $3,000,000, together with the interest that has accrued since July 5, 2007, and continues to accrue pursuant to the Agreement. Defendant denies all other allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. In response to Paragraph 20 of the Complaint, Defendant admits and denies the allegations in Paragraph 20 in the same manner as in Defendant's responses to Paragraphs 1 through 19 and fully realleges and incorporates these paragraphs herein by reference.

21. Defendant admits the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. With regard to Paragraph 26 of the Complaint, Defendant admits that on our about May 28, 2008, Plainfield declared the Note immediately due and payable and made demand on Defendant for payment in full of all outstanding principal and interest. Defendant denies the remaining allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

1  30.     In response to Paragraph 30 of the Complaint, Defendant admits and denies the allegations in Paragraph 30 in the same manner as in Defendant's responses to Paragraphs 1 through 29 and fully realleges and incorporates these paragraphs herein by reference.

4  31.     Defendant denies the allegations in Paragraph 31 of the Complaint.

5  32.     Defendant denies the allegations in Paragraph 32 of the Complaint.

6  33.     Defendant denies the allegations in Paragraph 33 of the Complaint.

7  34.     Defendant denies the allegations in Paragraph 34 of the Complaint.

8  35.     In response to Paragraph 35 of the Complaint, Defendant admits and denies the allegations in Paragraph 35 in the same manner as in Defendant's responses to Paragraphs 1 through 34 and fully realleges and incorporates these paragraphs herein by reference.

11  36.     Defendant denies the allegations in Paragraph 36 of the Complaint.

12  37.     Defendant denies the allegations in Paragraph 37 of the Complaint.

13  38.     Defendant denies the allegations in Paragraph 38 of the Complaint.

14  39.     Defendant denies the allegations in Paragraph 39 of the Complaint.

15  40.     In response to Paragraph 40 of the Complaint, Defendant admits and denies the allegations in Paragraph 40 in the same manner as in Defendant's responses to Paragraphs 1 through 39 and fully realleges and incorporates these paragraphs herein by reference.

18  41.     Defendant denies the allegations in Paragraph 41 of the Complaint.

19  42.     Defendant denies the allegations in Paragraph 42 of the Complaint.

20  43.     Defendant denies the allegations in Paragraph 43 of the Complaint.

21  44.     Defendant denies the allegations in Paragraph 44 of the Complaint.

22  45.     With regard to the Prayer for Relief, Defendant denies the Prayer for Relief in its entirety.

WHEREFORE, Defendant having answered the Complaint, demands it be dismissed with prejudice and that Defendant be awarded its costs incurred in this action, including reasonable attorneys' fees and expert fees under applicable law.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

Plaintiffs' Complaint, and each and every purported cause of action therein, fails to set forth facts sufficient to state a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

**(Statutes of Limitations)**

Plaintiffs' Complaint, and each and every purported cause of action therein, is barred by all applicable statutes of limitation.

**THIRD AFFIRMATIVE DEFENSE**

**(Estoppel)**

Plaintiffs are estopped by their conduct from receiving any relief against Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Plaintiffs' Complaint, and each and every purported cause of action therein, is barred because on information and belief Plaintiff engaged in conduct and activities sufficient to constitute a waiver of any performance of conditions or any other conduct, if any, as set forth in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiffs' Complaint, and each and every purported cause of action therein, is barred by the equitable doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiffs' Complaint, and each and every purported cause of action therein, is barred by Plaintiffs' failure to mitigate damages.

### SEVENTH AFFIRMATIVE DEFENSE

**(Unconscionability)**

Plaintiffs' Complaint, and each and every purported cause of action therein, is barred by the doctrine of unconscionability.

### EIGHTH AFFIRMATIVE DEFENSE

**(Uncertainty)**

Plaintiffs' Complaint, and each and every purported cause of action therein, is barred because it is ambiguous and uncertain, and thus fails to state a claim, in law or equity, against Defendant.

### NINTH AFFIRMATIVE DEFENSE

**(Laches)**

Plaintiffs' Complaint, and each and every purported cause of action therein, is barred by the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

**(Privilege)**

Plaintiffs' Complaint, and each and every purported cause of action therein, is barred because Defendant's conduct was privileged, excused, and/or justified.

### ELEVENTH AFFIRMATIVE DEFENSE

**(Unjust Enrichment)**

Plaintiffs' Complaint, and each and every purported cause of action therein, is barred because, Plaintiffs would be unjustly enriched if allowed to recover from Defendant as a result of the matters alleged in the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

**(Setoff)**

Plaintiffs' damages, if any, must be reduced to the extent Defendant has valid claims that can be set off against amounts due to Plaintiffs, if any.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Performance Excused)**

Plaintiffs' Complaint, and each and every purported cause of action therein, is barred because on information and belief Defendant's performance of any and all agreements, representations, or contracts alleged by Plaintiffs was excused and/or prevented by the actions of Plaintiffs and/or other parties.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction)**

Plaintiffs' Complaint, and each and every purported cause of action therein, is barred because any sum of money claimed to be due Plaintiffs has been extinguished by application of accord and satisfaction.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(No Damage or Loss)**

Plaintiffs have not sustained any losses, damages, or detriment, in any sum or amount whatsoever, as a result of any alleged acts, omissions, fault, fraud, carelessness, recklessness, negligence, or other breach of duty on the part of Defendant.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Reliance)**

Plaintiffs' Complaint, and each and every purported cause of action therein, is barred because Plaintiffs, their representatives, and agents did not rely upon any representation made by Defendant and, therefore, any injuries, losses, or damages complained of by Plaintiffs, if any, were not occasioned by any representation made by Defendant.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(No Basis for Attorneys' Fees)**

Plaintiffs have not stated a proper claim for the recovery of reasonable attorneys' fees and costs for the prosecution herein of this case.

## EIGHTEENTH AFFIRMATIVE DEFENSE

**(Plaintiffs' Conduct)**

Defendant alleges that the sole proximate cause of Plaintiffs' damages, if any, is the conduct of Plaintiffs and/or their agents and that all damages would have been avoided if Plaintiffs and/or their agents had not conducted themselves in the manner that they did.

## NINETEENTH AFFIRMATIVE DEFENSE

**(Additional Defenses)**

Defendant alleges that it may have additional defenses currently unknown to it which may be ascertained during the course of this proceeding. Defendant, therefore, reserves the right to assert additional defenses should it become desirable or necessary to do so to conform to proof.

DATED: August 15, 2008         PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: */s/* Frank L. Tobin
Frank L. Tobin
Attorneys for Defendant,
PENTA WATER COMPANY, INC., a California corporation

1  Frank L. Tobin (Bar No. 166344)
   flt@procopio.com
2  PROCOPIO, CORY, HARGREAVES &
      SAVITCH LLP
3  530 B Street, Suite 2100
   San Diego, California 92101
4  Telephone: 619.238.1900
   Facsimile: 619.235.0398
5
   Attorney for Defendant,
6  PENTA WATER COMPANY, INC., a California
   corporation
7

8                    UNITED STATES DISTRICT COURT

9               FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10 | PLAINFIELD DIRECT INC., a Delaware          | Case No.: 08-CV-1350-LAB (NLS)
   | corporation, and CUNEO CAPITAL PARTNERS I   |
11 | LLC, a Connecticut limited liability company,| PROOF OF SERVICE
12 |         Plaintiffs,                          | Judge: Hon. Larry A. Burns
13 | v.                                           | Complaint Filed:   July 25, 2008
14 | PENTA WATER COMPANY, INC., a California      |
   | corporation,                                 |
15 |                                              |
   |         Defendant.                           |
16

17  I am a resident of the State of California, over the age of eighteen years, and not a party to the
    within action. My business address is PROCOPIO, CORY, HARGREAVES & SAVITCH LLP,
18  530 "B" Street, Suite 2100, San Diego, California 92101.

19         On August 15, 2008, I served the within documents:

20         **ANSWER OF PENTA WATER COMPANY, INC. TO COMPLAINT FOR
           BREACH OF CONTRACT, OPEN BOOK ACCOUNT, ACCOUNT STATED,
21         AND MONEY LENT OR PAID**

22
23  ☐  by transmitting via facsimile number (619) 235-0398 the document(s) listed above to the
       fax number(s) set forth below on this date before 5:00 p.m. A copy of the transmission
       confirmation report is attached hereto.
24
25  ☐  by placing the document(s) listed above in a sealed envelope with postage thereon fully
       prepaid, in the United States mail at San Diego, California addressed as set forth below. I
       am readily familiar with the firm's practice of collection and processing correspondence
26     for mailing. Under that practice it would be deposited with the U.S. Postal Service on the
       same day with postage thereon fully prepaid in the ordinary course of business. I am
27     aware that on motion of the party served, service is presumed invalid if postal
       cancellation date or postage meter date is more than one day after date of deposit for
28     mailing an affidavit.

---

ANSWER OF PENTA WATER COMPANY, INC. TO COMPLAINT
08-CV-1350-LAB (NLS)

108542/000001/954108.01

1 ☐ by placing the document(s) listed above in a sealed overnight envelope and depositing it for overnight delivery at San Diego, California, addressed as set forth below. I am readily familiar with the practice of this firm for collection and processing of correspondence for processing by overnight mail. Pursuant to this practice, correspondence would be deposited in the overnight box located at 530 "B" Street, San Diego, California 92101 in the ordinary course of business on the date of this declaration.

☐ by causing personal delivery via Knox Attorney Service, Inc., c/o their affiliate, of the documents listed above to the person at the address set forth below.

☒ by the Court's Electronic Filing System pursuant to U.S. District Court, Southern District, Local Civil Rule 5.4(c)

| Marc T.G. Dworsky<br>Katherine K. Huang<br>Kristina L. Wilson<br>Munger, Tolles & Olson LLP<br>355 South Grand Avenue, 35th Floor<br>Los Angeles, CA 90071-1560<br>(213) 683-9100/Fax: (213) 687-3702<br>Marc.Dworsky@mto.com<br>Katherine.Huang@mto.com<br>Kristina.Wilson@mto.com | Attorneys for Plaintiffs PLAINFIELD DIRECT INC., and CUNEO CAPITAL PARTNERS I LLC |
|---|---|

☐ *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 15, 2008, at San Diego, California.

_____
Barbara Culp